**JUN CHENG PAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72378.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Law Office of Stuart Altman, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Joan E. Smiley, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

Jun Cheng Pan, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, and may reverse only if the evidence compels a contrary conclusion. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's decision that Pan failed to show past persecution or a well-founded fear of future persecution. Because Pan has not shown that specific evidence in the record supports a reasonable fear of persecution on account of his religious activities, his asylum claim fails. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir.2006) (denying the petition for review where the evidence did not compel a finding of past persecution or a well-founded fear of future persecution).

Because Pan did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Pan is not eligible for relief under the CAT. We reject Pan's contention that the BIA's denial of CAT relief violated due process, because the BIA properly found that Pan failed to show that it was more likely than not that he will be tortured if returned to China. *See Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

